Roman Otkupman, CSBN 249423
Roman@OLFLA.com
Meghan Maertz, CSBN 276976
Meghan@OLFLA.com
OTKUPMAN LAW FIRM
28632 Roadside Dr., Suite 203
Agoura Hills, CA 91301
Telephone: (818) 293-5623
Facsimile (888) 850-1310

Attorneys for Plaintiff,
Herta Guadalupe Kuhn, on behalf of herself and all others similarly situated, and on behalf of the general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| HERTA GUADALUPE KUHN, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMEFLIGHT AVIATION SERVICES, INC., et al., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02340-JAM-AC<br><br>[~~PROPOSED~~] FINAL JUDGMENT<br><br>Date: March ~~10~~ 24, 2020<br>Time: 1:30 p.m.<br>Ctrm.: 6, 14th Fl.<br>Judge: Hon. John A. Mendez |

### FINAL JUDGMENT

On July 3, 2019, the Parties[1] to this class action reached a Settlement. Subsequently, the Parties submitted a detailed written Settlement Agreement. On September 24, 2019, the Court preliminarily approved the Proposed Settlement. The Court directed the Parties to provide notice of the Proposed Settlement to the potential Settlement Class Members and scheduled a further hearing to determine whether the proposed Settlement and request for Plaintiff's attorneys' fees

---
1.
1. [1] The definitions for all capitalized terms can be found in the Class Action Settlement Agreement and Release of Claims referred to herein as the "Settlement Agreement."

and Plaintiff's expenses are fair, reasonable, and adequate.

On March 24, 2020, the Court *this matter was set for a hearing per* ~~held the Fairness Hearing~~ to determine: (i) whether the Action should be finally certified as a class action solely and exclusively for settlement purposes; (ii) whether the proposed Settlement should be given final approval as fair, reasonable and adequate and in the best interests of each of the Parties and the Settlement Class Members and whether the Settlement Class Members should be bound by the release of claims set forth in the Settlement Agreement; (iii) whether a Class Representative enhancement award of five thousand dollars ($5,000.00) should be made to Named Plaintiff; (iv) whether the claim administrator's payment of service of eight thousand dollars ($8,000.00) should be made to Simpluris, Inc.; (v) whether the amount of fifty nine thousand four hundred dollars ($59,400.00) should be awarded for Plaintiff's attorneys' fees of and whether the amount of five thousand seven hundred forty eight dollars and eighty cents ($5,748.80) should be awarded for Plaintiff's costs; (vii) whether the amount of ten thousand dollars ($10,000.00) should be approved for PAGA penalties; (viii) the continuing jurisdiction over the parties to the Settlement for the purpose of taking such other actions as may be necessary to enforce the Settlement; and (ix) any other matter that may be relevant to the Settlement. *per The Court determined this matter to be suitable for decision without a court hearing or oral argument, ED CAL LR 230(g)* ~~Roman Otkupman of Otkupman Law Firm, A Law Corporation~~ appeared for Plaintiff, Herta Guadalupe Kuhn and the Class and Christopher M. Ahearn of Fisher ~~& Phillips LLC appeared for Defendant~~.

Two (2) putative class members requested exclusion from the Settlement Class and Zero (0) objections were filed with respect to the proposed Settlement.

After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and the requests for awards of Plaintiff's attorneys' fees, Plaintiff's expenses and the Class Representative Enhancement, ~~and hearing the attorneys for the Parties~~ *per*, the Court finds:

[PROPOSED] FINAL JUDGMENT
2

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court has personal jurisdiction over all Settlement Class Members and Defendants, and the Court has subject matter jurisdiction to approve the Settlement Agreement (including all Exhibits thereto).

2. The Settlement Agreement, including the definitions applicable to the Settlement Agreement, is incorporated by reference into this Final Judgment.

3. The Court finds that the Settlement Agreement and proposed Settlement were reached after arm's-length negotiations between the Parties, including extensive discussions about the respective strengths and weaknesses of the claims and defenses and a full-day mediation session; the proposed Settlement was concluded only after counsel for the Parties had conducted adequate investigation; and the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the due process clause), and any other applicable law, and is in the best interests of the Parties and the Settlement Class Members.

4. Solely for the purpose of settlement, the Court finally certifies the following Class:

> All persons employed by Defendant as non-exempt, hourly-paid employees in one or more of Defendant's operations at (a) Oakland International Airport (OAK), (b) Sacramento International Airport (SMF), and/or (c) San Diego International Airport (SAN), at any time from November 10, 2017 to March 12, 2019.

5. The above Class is certified for settlement purposes only, and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it in the Action by or on behalf of the members of the Settlement Class.

6. The Court appoints Herta Guadalupe Kuhn as Class Representative.

7. The Court appoints Roman Otkupman of Otkupman Law Firm, A Law Corporation, as counsel for the Class.

8. The Court confirms the appointment of Simpluris, Inc. as Claims Administrator and awards eight thousand dollars ($8,000.00) in claims administration costs to Simpluris, Inc.

9. The Court finds that:

    a. the above-described Class contains members so numerous that the joinder of all of them is impracticable;

    b. there are questions of law or fact common to the above-described Class;

    c. the claims of the Class Representative are typical of the claims of the Class that Plaintiff seeks to represent; and

    d. the Class Representative and Plaintiff's Attorneys have fairly and adequately protected the interests of the above-described Class.

10. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

11. The Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

12. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement Agreement and all

exhibits attached thereto which (i) are consistent with this Final Judgment, and (ii) do not limit the rights of Class Members under the Settlement Agreement.

13. The Court grants a Class Representative Enhancement award of five thousand dollars ($5,000.00) to Plaintiff Herta Guadalupe Kuhn. This request is justified in light of the following facts: (1) Plaintiff spent numerous hours conferring with Plaintiff's attorneys, reviewing documents, gathering evidence, and preparing for mediation; (2) Plaintiff's efforts resulted in a favorable result for the Class; (3) Plaintiff attended a full day of mediation; (4) Defendant did not oppose the request. The Class Representative Enhancement will be paid to Plaintiff in accordance with the terms of the Settlement Agreement.

14. The Court grants Plaintiff's attorneys' request for an award of Plaintiff's attorneys' fees in the amount of fifty nine thousand four hundred dollars ($59,400.00) and Plaintiff's expenses of five thousand seven hundred forty eight dollars and eighty cents ($5,748.80). Plaintiff's Attorneys' request for an award of reasonable attorneys' fees and costs is justified in light of the following facts: (1) Plaintiff's attorneys vigorously investigated and prosecuted this case and achieved a favorable result for the Class; (2) the legal issues were novel and complex; (3) Defendant did not oppose the request; and (4) such other bases as offered by Plaintiff's Attorneys. The attorneys' fees and costs shall be paid by Defendant in accordance with the terms of the Settlement Agreement.

15. This Judgment and the Final Approval Order shall have a res judicata effect and bar Plaintiff and each Class Member from bringing any action asserting any of the "Released Claims" as that term is defined in the Joint Stipulation of Class Action Settlement.

16. Judgment is hereby entered in accordance with the terms of the Settlement Agreement. The clerk of court is directed to enter such Judgment.

17. Without affecting the finality of this Judgment, the Court shall retain jurisdiction to

enforce the terms of the Parties' Joint Stipulation of Class Action Settlement.

IT IS SO ORDERED.

Dated: March 24, 2020

                                        HON. JOHN A. MENDEZ
                            UNITED STATES DISTRICT COURT JUDGE